## MELTON CARR v. THE STATE.

### No. 9347. Delivered June 3, 1925.

**Rape—Sufficiency of Evidence—Held Sufficient.**

No bills of exceptions, nor complaints of the court's charge appear in the record. A careful examination of the statement of facts forces us to the conclusion that while the death penalty was assessed the verdict is amply supported by the evidence, and the cause is affirmed.

Appeal from the District Court of Walker County. Tried below before the Hon. Carl T. Harper, Judge.

Appeal from a conviction of rape; penalty assessed at death.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for rape upon Mrs. Fannie Kitchens, his punishment having been assessed at death.

Appellant is a negro. Mrs. Kitchens is a white woman, the wife of Elbert Kitchens. He was not at home on the night the rape is alleged to have occurred. He claim to have spent the night on another farm owned by him because of a recent attempt to burn the house on this place. His wife did not know where he was. Kitchens denied improper relations with the negro woman, and also Mrs. Kitchens testified that appellant came to her house during the night and told her Mr. Kitchens had been hurt and tried in this way to induce her to open the door; that this ruse being unsuccessful appellant declared he "wanted her," cursed her, threatened to kill her, and broke in the door; that she tried to strike him with a walking stick which was the only defensive weapon at hand; that she started to run when appellant caught her and took her into the yard where, by the use of a pistol and threats to kill her, he had carnal knowledge of her.

A negro woman by the name of Blackshire lived on Elbert Kitchens' farm where the supposed attempted arson occurred. Mrs. Kitchens admitted that her husband neglected her, and that unpleasantness had arisen between them on account of the Blackshire woman. Appellant admitted his presence at the home of prosecutrix on the night in question and that he dragged her out in the yard, and

that he had a pistol but denied raping her. He accounts for his presence by the story that Mr. Kitchens wanted his wife to leave so his relations with the Blackshire woman would be undisturbed, and that Kitchens had been trying for weeks to get appellant to whip Mrs. Kitchens and scare her so she would go away, and promised him whiskey and money if he would do it; that on the night in question Kitchens gave him whiskey and both rode the same horse from the Blackshire woman's place to near the Kitchens' house, and that Kitchens waited while he went to the house and scared Mrs. Kitchens; that Kitchens told·him to whip her, but that he did not do it and told her husband so, whereupon the latter said, "You damn sure got her scared"; that they went away together and he left Kitchens at the gate near the Blackshire woman's house. denied that he had induced or encouraged appellant to scare or commit any violence upon Mrs. Kitchens.

If this unfortunate woman's husband had sunk so low that he would induce a negro man twenty-two years old to do the things admittedly done by appellant to Mrs. Kitchens in order that a liaison between Kitchens and a negro woman might continue uninterrupted, it evidences a state of depravity almost unbelievable. But this was denied by Kitchens, and whether true or false has little to do with appellant's guilt if Mrs. Kitchens speaks the truth. Her evidence makes a case against him of rape accomplished by force and threats. She had never seen him before the night he assaulted her, and had no animosity or grudge against him, however strained the relations between her and her husband. The jury accepted her statements as true, which is not to be wondered at in view of appellant's half-hearted denials.

We find no just cause in the record before us to disturb the judgment, and an affirmance is ordered.

*Affirmed.*